UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

GREENEVILLE DIVISION

| | | |
|---|---|---|
| JIMMY DEAN HALE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-CV-130 |
| | ) | |
| vs. | ) | |
| | ) | |
| GREENE COUNTY POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND REPORT AND RECOMMENDATION**

I.  *In forma pauperis* **Motion**

Plaintiff Jimmy Dean Hale has filed a Motion [Doc. 1] to proceed *in forma pauperis*. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Mr. Hale is representing himself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S. Ct. 85 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827 (1989). The statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, the petitioner must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be absolutely destitute to enjoy

the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S. Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if it demonstrates that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding; thus, the Application to Proceed Without Prepayment of Fees [Doc. 1] is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). At the same time, for the reasons set forth below, **the Clerk shall not issue process at this time.**

## II.    Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint because it is frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S. Ct. 1827.[1] Plaintiff filed this complaint on July 19, 2019 [Doc. 2]. The Court notes that the allegations in the complaint and the relief requested were difficult to decipher, but it appears that Plaintiff is alleging physical, mental, and emotional harm, slander, harassment, and loss and theft of property, monetary and otherwise. [Doc. 2, pg. 2]. As relief, Plaintiff appears to ask the Court for a money judgment in an unspecified amount to

---

[1] Plaintiff herein is not a prisoner; however, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M. D. Pa. 1997).

compensate him for his alleged losses and for the Court to detain unnamed persons to ensure Defendant's safety. [Doc. 2, pg. 3].

Plaintiff indicates that he is bringing this suit because his civil and constitutional rights have been violated, although he does not specify in what manner. Based upon the decipherable information in the complaint, the Court must assume that Plaintiff is attempting to bring an action under 42 U.S.C § 1983, which provides relief for a person whose federal rights have been violated by another person or entity acting under color of state law.

### III. Conclusion

The Supreme Court has held that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. In the matter at hand, Plaintiff provides no specific facts, but rather simply provides a list of grievances without providing any information regarding the specific person or persons who allegedly committed the acts alleged in the complaint. None of these grievances standing alone without specific factual support provide a basis for relief to Plaintiff under any federal statute or the Constitution. Given the lack of a federal question to be addressed, this Court has no jurisdiction to adjudicate the issues raised in Plaintiff's complaint, unless there is diversity jurisdiction. Here, there is also no diversity jurisdiction because Plaintiff and all Defendants reside in Tennessee [Doc. 2, pg. 2]. Accordingly, it is **RECOMMENDED** that the complaint be **DISMISSED** for the reasons set forth above.

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990), which provides that such matters proceed automatically to a district judge for

examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[2]

                                                          Respectfully submitted,

                                                          s/ Cynthia Richardson Wyrick
                                                          UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).